LOREN H. BROWN
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: loren.brown@dlapiper.com

Defendant's Liaison Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION

*This Document Relates To:*

Harril Glen Scott, 12-2033.

Case No.: 12-cv-2033-CRB

MDL No. 1699

**DEFENDANT PFIZER'S NOTICE OF EXPEDITED MOTION AND EXPEDITED MOTION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE OR OTHER APPROPRIATE SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

**(PTO 31 COMPLIANCE MOTION NO. 10)**

**[Declaration of Michelle W. Sadowsky in Support of Motion and Proposed Order filed separately]**

**Date: March 29, 2013**
**Time: 10:00 a.m. (Pacific)**
**Judge: Hon. Charles R. Breyer, U.S.D.J.**

**TELEPHONIC HEARING REQUESTED**

PLEASE TAKE NOTICE that on March 29, 2013 at 10:00 a.m., or as soon thereafter as counsel can be heard, Defendant Pfizer Inc ( "Pfizer") shall appear before the Honorable Charles R. Breyer, United States District Judge, Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, and then and there move the Court to enter an Order dismissing Plaintiff's claims with prejudice for failing to comply with Pretrial Order No. 31 and the Order entered by

/////

the Special Master, United States District Judge Fern M. Smith (Ret.), on January 31, 2013. PTO 31, ¶ 2.c.iv.

Defendant further requests that if Plaintiff attempts to comply with the January 31, 2013 Order after this motion has been filed, then Defendant be reimbursed its reasonable costs and attorneys' fees associated with bringing this motion. Pursuant to PTO 31, ¶ 2.c.iv, this Motion shall be heard on an expedited basis. This Motion is supported by the attached Memorandum, the attached Declaration of Michelle W. Sadowsky and exhibits thereto, and all the files, papers, and proceedings herein.

Defendant Pfizer hereby also requests that the Court issue an Order For Offender To Participate In A Conference Call Court Hearing to permit Plaintiff Harril Glenn Scott (a/k/a Harold Milton Scott), TDCJ-CID No. 1319015, who is incarcerated at the Mark W. Stiles Unit of the Texas Department of Criminal Justice ("TDCJ") located at 3060 FM 3514, Beaumont, TX 77705, to participate in the telephonic hearing of this motion. Defendant Pfizer requests that this hearing be held telephonically, using a toll free call-in number.

Dated: February 14, 2013

Respectfully submitted,

DLA PIPER LLP (US)

By /s/

LOREN H. BROWN
Defendant's Liaison Counsel

John C. Dougherty
DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, MD 21209
Telephone: (410) 580-3000
Facsimile: (410) 580-3001

Matthew A. Holian
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6009
Facsimile: (617) 406-6109

*Counsel for Defendant Pfizer Inc*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE ........ 3

III. PLAINTIFF HAS FAILED TO COMPLY WITH HIS OBLIGATIONS UNDER PTO 31 DESPITE REPEATED NOTICES FROM THE COURT, THE SPECIAL MASTER, AND THE DEFENDANT PFIZER ........ 4

A. Plaintiff's Failure Impedes the Public's Interest in Expeditious Resolution of this Litigation ........ 8

B. Plaintiff's Failure Impedes the Court's Ability to Manage its Docket ........ 9

C. Plaintiff's Failure Causes Prejudice to Defendant ........ 10

D. Plaintiff's Failure Overrides the Public Policy Favoring Disposition of Cases on the Merits ........ 10

E. Plaintiff's Failure Warrants Dismissal Rather than Less Drastic Sanctions ........ 11

F. Plaintiffs Compliance After This Motion is Filed Should Incur Sanctions ........ 11

IV. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

## CASES

*Adriana Int'l Corp. v. Thoeren*,
913 F.2d 1406 (9th Cir. 1990) .......... 10

*Anheuser-Busch, Inc. v. Natural Beverage Distribs.*,
69 F.3d 337 (9th Cir. 1995) .......... 3, 12

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
460 F.3d 1217 (9th Cir. 2006) .......... passim

*Malone v. U.S. Postal Serv.*,
833 F.2d 128 (9th Cir. 1987) .......... 2, 3, 11

*Moneymaker v. CoBen* (*In re Eisen*),
31 F.3d 1447 (9th Cir. 1994) .......... 8, 10

*Thompson v. Hous. Auth. of City of Los Angeles*,
782 F.2d 829 (9th Cir. 1986) .......... 9

*Valley Eng'rs Inc. v. Elec. Eng'g Co.*,
158 F.3d 1051 (9th Cir. 1998) .......... 3

## OTHER AUTHORITIES

Fed. R. Civ. Proc. 1 .......... 8

Fed. R. Civ. Proc. 16 .......... 9

Fed. R. Civ. Proc. 37 .......... 9, 12

Fed. R. Civ. Proc. 37 .......... 3, 9, 12

Fed. R. Civ. Proc. 41 .......... 9

Federal Rule of Civil Procedure 41 .......... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Pfizer Inc ("Pfizer") brings this motion seeking the dismissal of Plaintiff's claims with prejudice for failing to comply with Pretrial Order No. 31 and the Order entered by the Special Master, United States District Judge Fern M. Smith (Ret.), on January 31, 2013. PTO 31, ¶ 2.c.iv.

## I. INTRODUCTION.

This litigation cannot run efficiently and effectively unless the parties comply with the discovery plan negotiated by the parties and entered by Order of this Court. "[M]ultidistrict litigation is a special breed of complex litigation where the whole is bigger than the sum of its parts. The district court needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line." See *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006) ("*In re PPA*"). To move coordinated cases forward in a diligent fashion toward resolution, MDL judges "must establish schedules with firm cutoff dates." *Id*. As a result, case management orders "are the engine that drives disposition on the merits." *Id*.

Pretrial Order No. 31 ("PTO 31"), "), which requires plaintiffs to provide a completed Docket Data Sheet ("DDS") accompanied by documents establishing that plaintiffs took Bextra and/or Celebrex and suffered an injury as a result ("Documentation of Use and Injury"), the bare minimum of proof necessary to support their claims, is just such an essential case management order. PTO 31 ¶ 2.b. The DDS and Documentation of Use and Injury constitute a surrogate for the interrogatories and requests for production that a defendant typically would serve on a plaintiff in a product liability case. Without a completed DDS and Documentation of Use and Injury, Pfizer cannot evaluate plaintiffs' claims meaningfully for resolution. After Pfizer has received a DDS and Documentation of Use and Injury, PTO 31 requires the parties to engage in a private, mandatory settlement conference. PTO 31 ¶ 3. If that conference does not succeed in resolving the case, the plaintiff then must submit a Case-Specific Expert Report within sixty days. *Id.* ¶ 5; *see also id.* ¶ 6 (listing the required contents of the report).

/////

Plaintiff has failed to comply with the requirements of PTO 31. Specifically, Plaintiff has failed to submit adequate Documentation of Use and Injury with his DDS. (Decl. of Michelle W. Sadowsky in Supp. of Defendant Pfizer's Mot. to Dismiss ["Sadowsky Decl."], ¶ 5.). Plaintiff also has failed to submit a Case-Specific Expert Report with the required contents per PTO 31 ¶ 6. (Id. ¶¶ 8-10, 15, 18.) Pfizer's attempts to obtain the required information without judicial intervention have failed. (Id. ¶¶ 4, 5, 8, 10, 15 & Exs. A, B, C, D, E.) Plaintiff has received multiple notices of his discovery obligations and has been advised that his claims may be dismissed with prejudice for failing to comply. Plaintiff also has disregarded an Order by the Court's appointed Special Master, the Honorable Fern M. Smith (Ret.), which further required Plaintiff to comply with PTO 31 and provide a Case-Specific Expert Report as required by that Order by the deadline of February 12, 2013 ("the Compliance Order"). Despite such efforts to seek compliance, Plaintiff still is wholly delinquent in complying with the Court's Orders.

PTO 31 sets forth a clear, agreed-upon procedure for resolving deficiencies — namely, that Plaintiff's claims will be dismissed with prejudice for failure to provide either a completed DDS and Documentation of Use and Injury or an expert report that complies with the Order. (PTO 31, ¶ 2.c.) Plaintiff's ongoing failure to provide this material required by PTO 31 seriously undermines the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket. Plaintiff's delay causes prejudice to Defendant, which is unable to move forward with resolution of this, the final remaining case in this MDL. Finally, because Plaintiff already has defied two Court orders and paid no heed to notices from the Court and counsel, there is no less drastic alternative to secure his compliance – or that of any plaintiff in any similar proceeding before a court – with the Court's orders. *See In re PPA*, 460 F.3d at 1226, citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Accordingly, the Court should dismiss Plaintiff's claims with prejudice.

/////

/////

/////

/////

## II. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE

In an effort to ensure compliance with its orders, the Court established a procedure for dismissal of a plaintiff's claims for failure to comply with his obligations. (PTO 31, ¶ 2.) By this Motion, Pfizer requests that, consistent with the procedures set forth in PTO 31 and Judge Smith's January 31, 2013 Compliance Order, the Court dismiss Plaintiff's claims with prejudice.

Federal Rule of Civil Procedure 37 provides a district court with broad discretion to impose sanctions for failure to comply with the court's orders. See, e.g., *Anheuser-Busch, Inc. v. Natural Beverage Distribs.,* 69 F.3d 337, 348 (9th Cir. 1995). Where a court is overseeing complex, multidistrict litigation with hundreds of plaintiffs, "the court's discretion is necessarily informed, and broadened, by the number of actions, their complexity, and its charge in the multidistrict context to promote the just and efficient conduct of actions that are coordinated or consolidated for pretrial purposes." *In re PPA*, 460 F.3d at 1252; *id*. at 1229, 1231. In deciding whether to dismiss a plaintiff's claims with prejudice, a court must evaluate five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re PPA*, 460 F.3d at 1226; *Malone*, 833 F.2d at 130. "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *Id*. at 1226, quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

Here, Plaintiff's delay in providing the material required by PTO 31 undermines the public's interest in an expeditious resolution of the litigation, makes it extraordinarily difficult for the Court to effectively manage its docket, and prevents a disposition of the litigation on the merits. Moreover, Plaintiff's delay causes prejudice to Defendant Pfizer. Finally, Plaintiff's ongoing failure to comply with the notices and warnings described above establishes that there is no sanction less drastic than dismissal with prejudice available to compel Plaintiff to comply with the Court's orders. As the Ninth Circuit recently noted, an MDL district judge "must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward

/ / / / /

resolution by motion, settlement, or trial." *In re PPA*, 460 F.3d at 1232. The time is ripe for this Court to step in to promote compliance with its orders, to prevent prejudice to Defendant, and to ensure that this litigation proceeds to a now much belated conclusion in an efficient and effective manner. Accordingly, Defendant Pfizer's motion to dismiss Plaintiff's claims with prejudice should be granted.

## III. PLAINTIFF HAS FAILED TO COMPLY WITH HIS OBLIGATIONS UNDER PTO 31 DESPITE REPEATED NOTICES FROM THE COURT, THE SPECIAL MASTER, AND THE DEFENDANT PFIZER.

On October 17, 2008, the Court entered PTO 31, Docket No. 2571, which requires Plaintiff to serve a completed DDS and Documentation of Use and Injury. See PTO 31 ¶ 2.b.i. (Sadowsky Decl. ¶ 2.) The DDS constitutes a surrogate for the interrogatories and requests for production that a defendant typically would serve on a plaintiff in a product liability case and is designed to secure the bare minimum of proof necessary to show that a plaintiff ingested Bextra and/or Celebrex and suffered an injury as a result.

On February 27, 2012, the Court posted Conditional Transfer Order No. 131 ("CTO 131") issued by the Judicial Panel on Multidistrict Litigation ("JPML") on the Court's general docket. See Docket No. 3593. CTO 131 is specific to and transferred the action filed by Plaintiff, thereby requiring Plaintiff to provide a DDS and Documentation of Use and Injury within sixty days. (Sadowsky Decl. ¶ 3.) On April 20, 2012, pursuant to PTO No. 31, counsel for Pfizer sent Plaintiff a letter asking for a completed Docket Data Sheet and Documentation of Use and Injury by May 4, 2012. (Sadowsky Decl. ¶ 4, Ex. A.)

On or about April 26, 2012, Plaintiff provided Pfizer with a Docket Data Sheet and some related documentation in an effort to comply with PTO 31. However, on or about May 25, 2012, counsel for Pfizer advised Plaintiff that the Docket Data Sheet was deficient, lacking the Proof of Injury required by PTO No. 31, Exhibit B (Docket Data Sheet), Section D.7, and further advised that the deficiency must be cured by June 8, 2012. (Sadowsky Decl. ¶ 5, Ex. B.) Without such a completed DDS and Documentation of Use and Injury, Pfizer cannot evaluate Plaintiff's claims fully.

After Pfizer has received a DDS and Documentation of Use and Injury, PTO 31 requires the parties to engage in a private, mandatory settlement conference. PTO 31 ¶ 3. If that conference does not succeed in resolving the case, the plaintiff then was required to submit a Case-Specific Expert Report within sixty (60) days. (Id. ¶ 5; see also id. ¶ 6 (listing the required contents of the report).)

On June 13, 2012, notwithstanding Plaintiff's failure to provide documentation of proof of injury, Pfizer complied in good faith with the Mandatory Settlement Conference requirement in paragraph 3 of PTO No. 31 by making a written settlement offer to Plaintiff. After Plaintiff rejected Pfizer's offer of settlement, on July 10, 2012, counsel for Pfizer sent Plaintiff (with a copy to the Special Master) a Notice of Unsuccessful Settlement Conference. In that Notice Pfizer specifically noted Plaintiff's obligation pursuant to paragraph 5 of PTO No. 31 to provide a Case-Specific Expert Report within sixty (60) days, i.e., on or before September 10, 2012. (Sadowsky Decl. ¶ 8, Ex. C.)

On July 20, 2012, Plaintiff filed another Motion Requesting a 90 Day Extension of Time to Complete Discovery (dkt. 40). Pfizer again filed a non-opposition to that motion (dkt. 41) and by Order dated August 2, 2012, the Court again granted Plaintiff an extension to provide the required evidence, until October 25, 2012 (dkt. 42). (Sadowsky Decl. ¶ 9.)

On October 26, 2012, the day after the extension expired, counsel Pfizer notified Plaintiff that Pfizer had not received the Case-Specific Expert Report. Counsel for Pfizer further advised Plaintiff that failure to provide a Case-Specific Expert Report within 14 days, on or before November 9, 2012, would result in Pfizer filing a Compliance Motion and that the Court may dismiss his claim with prejudice if Plaintiff does not provide that report. (Sadowsky Decl. ¶ 10, Ex. D.)

Also on October 26, 2012, Plaintiff filed Plaintiff's Motion Requesting 90 Day Extension Of Time To Obtain Required Medical Records For Good Cause ("Plaintiff's Extension Motion") (dkt. 52). On November 9, 2012, Pfizer filed Defendant Pfizer Inc's Opposition to "Plaintiff's Motion Requesting 90 Day Extension Of Time To Obtain Required Medical Records For Good

/////

Cause" (dkt. 53). On or about November 8, 2012, Plaintiff filed Plaintiff's Motion for Judicial Notice Pursuant to F.R.A.P. Rule 201 (dkt. 54).

On November 19, 2012, the Court issued its Order Re Motion Requesting 90 Day Extension Of Time To Complete Discovery (dkt. 57) granting Plaintiff a final 30-day extension to obtain medical records and provide the required evidence, i.e., the Proof of Injury required by PTO No. 31, Exhibit B (Docket Data Sheet), Section D.7.

On November 21, 2012, upon receipt of the Court's November 19, 2012 Order granting Plaintiff a final 30-day extension for additional time to obtain medical records (dkt. 57), Pfizer prepared and filed a notice of withdrawal of its Expedited Motion for Order Requiring Compliance With Pretrial Order No. 31 (dkt. 59).

On December 20, 2012, counsel for Pfizer notified Plaintiff that it had not received the Case-Specific Expert Report. Counsel for Pfizer further advised Plaintiff that failure to provide a Case-Specific Expert Report within 14 days, on or before January 3, 2013, would result in Pfizer filing a Compliance Motion and that the Court may dismiss his claim with prejudice if Plaintiff did not provide that report. (Sadowsky Decl. ¶ 15, Ex. E.)

On January 31, 2013, the Special Master issued an Order Requiring Compliance with PTO 31, specifically providing that "Plaintiff Harril Glen Scott must serve on Defendant a Case-Specific Expert Report by February 12, 2013. If Plaintiff does not provide a Case-Specific Expert Report by that date, Pfizer may file a motion to dismiss pursuant to PTO 31…. Failure to comply with this Order may result in any of the sanctions referred to in PTO 31, including dismissal with prejudice." (3:05-md-01699-CRB Doc. 3632.)

Defendant Pfizer did not receive the required material from Plaintiff by the applicable deadlines, despite extensive efforts by the Court and the parties to inform Plaintiff of his obligations under PTO 31 and that his claims may be dismissed with prejudice for failing to comply.

Plaintiff has received at least five notices of his deficiencies. *First*, on April 20, 2012, pursuant to PTO No. 31 and the Court's Conditional Transfer Order No. 131, counsel for Pfizer sent Plaintiff a letter asking for a completed Docket Data Sheet and Documentation of Use and

Injury by May 4, 2012. (Sadowsky Decl. ¶ 4.) On or about May 25, 2012, counsel for Pfizer advised Plaintiff that the Docket Data Sheet was deficient, lacking the Proof of Injury required by PTO No. 31, Exhibit B (Docket Data Sheet), Section D.7, and further advised that the deficiency must be cured by June 8, 2012. (Sadowsky Decl. ¶ 5.) PTO 31 itself provides that a plaintiff's claims may be dismissed with prejudice if the plaintiff does not comply with the order. (Sadowsky Decl. ¶ 4, Ex. A.)

*Second*, on July 10, 2012, counsel for Pfizer sent Plaintiff (with a copy to the Special Master) a Notice of Unsuccessful Settlement Conference. In that Notice Pfizer specifically noted Plaintiff's obligation pursuant to paragraph 5 of PTO No. 31 to provide a Case-Specific Expert Report within sixty (60) days, *i.e.*, on or before September 10, 2012. (Sadowsky Decl. ¶ 8, Ex. C.)

*Third*, on October 26, 2013, counsel for Pfizer notified Plaintiff that Pfizer had not received the required Case-Specific Expert Report. Counsel for Pfizer further advised Plaintiff that failure to provide a Case-Specific Expert Report within 14 days, on or before November 9, 2012, would result in Pfizer filing a Compliance Motion and that the Court may dismiss his claim with prejudice if Plaintiff does not provide that report. (Sadowsky Decl. ¶ 10, Ex. D.)

*Fourth*, on January 7, 2013, pursuant to PTO 31, ¶ 2.c.ii, Defendant Pfizer served Plaintiff by USPS Express Mail and filed with the Court a compliance motion before Judge Smith, seeking an order requiring Plaintiff to comply with PTO 31 or face dismissal with prejudice ("the Compliance Motion"). (Sadowsky Decl. ¶ 16.) Pursuant to PTO 1, paragraph 9, the motion was filed both in the general docket and in Plaintiff's individual case. (Id.) This motion was set for hearing on January 30, 2013, before Judge Smith. (Id.) On January 30, 2013, Plaintiff appeared at the telephonic court hearing before Judge Smith. (Sadowsky Decl. ¶ 16.)

*Fifth*, on January 31, 2013, Judge Smith issued the Compliance Order granting Defendant Pfizer's motion and requiring Plaintiff to comply with PTO 31 by February 12, 2013 or face sanctions, including potential dismissal with prejudice. (Id. ¶ 17)

Notwithstanding this series of notices provided to Plaintiff and Judge Smith's compliance order warning that his claims could be dismissed with prejudice, Plaintiff still has failed to

provide the material required by PTO 31, including the Case-Specific Expert Report required by the February 12, 2013 deadline set by Judge Smith. (Id. ¶ 18.)

This Motion will be at least the *sixth* such notice received by Plaintiff. By the time it is heard on March 30, 2013, Plaintiff will have had over seven months notice since the Notice of Unsuccessful Settlement Conference and yet still has failed to comply by providing the required Case-Specific Expert Report. Plaintiff's failure to do so after such extraordinary efforts from the Court and Pfizer warrants dismissal of his claims with prejudice.

**A. Plaintiff's Failure Impedes the Public's Interest in Expeditious Resolution of this Litigation.**

The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. Proc. 1. Delay in reaching the merits of a case is "costly in money, memory, manageability, and confidence in the process." *In re PPA*, 460 F.3d at 1227. As the Ninth Circuit recently noted, "Failure to comply with case management orders in MDL proceedings . . . where both sides agree that the orders serve the important interest of moving the cases along, adversely affects the public interest, as well as the parties' private interest, in expeditious resolution of litigation." *Id*. at 1252. A district court's determination that delay has become unreasonable is entitled to deference, "because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Id*. at 1227, quoting *Moneymaker v. CoBen* (*In re Eisen*), 31 F.3d 1447, 1451 (9th Cir. 1994).

Here, Plaintiff's failure to provide the material required by PTO 31 has impeded the public interest in the expeditious resolution of this litigation. Without the DDS and responsive documents, Defendant Pfizer cannot meaningfully evaluate Plaintiff's claim for resolution. Without a Case-Specific Expert Report, Pfizer cannot evaluate other alternatives, if any, for disposing of Plaintiff's claims. Plaintiff's failure to comply with PTO 31 after over 8 months and numerous notices is unreasonable and has prevented the speedy resolution of these actions. Accordingly, the first Malone factor weighs heavily in favor of dismissal with prejudice. *In re PPA*, 460 F.3d at 1234 (noting that a plaintiff's "lack of diligence does not serve the public interest in expeditious resolution of litigation").

**B. Plaintiff's Failure Impedes the Court's Ability to Manage its Docket.**

District courts have an inherent power to control their dockets. In exercising that power, they may impose appropriate sanctions, such as dismissal. *In re PPA*, 460 F.3d at 1227, quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Federal Rule of Civil Procedure 16 "authorizes a court to manage cases so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *Id.*, citing Fed. R. Civ. Proc. 16(c)(12). Similarly, Federal Rule of Civil Procedure 37 permits dismissal for failure to comply with discovery plans and orders, and Federal Rule of Civil Procedure 41 permits dismissal for failure to prosecute or to comply with any order of the court. *Id.*, citing Fed. R. Civ. Proc. 37(b)(2)(C) and Fed. R. Civ. Proc. 41(b).

Dismissals are not, however, solely designed to penalize those who fail to comply with the Court's orders; they also are a proper means to deter those who might be tempted to engage in similar conduct. "Sound management of the court's docket also counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases are continually being added." *In re PPA*, 460 F.3d at 1234. Thus, the docket-management factor is "weighted heavily in favor of dismissal" in complex multidistrict litigation involving thousands of plaintiffs. *Id.* at 1236. "A district court cannot manage its docket if [case management] orders are not respected." *Id.* at 1252.

The Court should dismiss Plaintiff's claims with prejudice, therefore, both to penalize him for his non-compliance and to encourage other plaintiffs to comply with the Court's orders. With numerous plaintiffs pending in MDL proceedings, the Courts cannot possibly manage their dockets effectively if plaintiffs continually ignore Court orders issued pursuant to agreed-upon case management orders.

**C. Plaintiff's Failure Causes Prejudice to Defendant.**

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re PPA*, 460 F.3d at

/////

1227, quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). A failure to produce documents or a case-specific expert report in accordance with a court order is sufficient to constitute prejudice for purposes of the Malone analysis. *Id*. Further, "[t]he law also presumes prejudice from unreasonable delay." *Id*. At 1227, citing *In re Eisen*, 31 F.3d at 1453.

As demonstrated above, the prejudice to Defendant Pfizer caused by Plaintiff's failure is substantial and more than sufficient to justify dismissal with prejudice. Because Pfizer cannot evaluate Plaintiff's claim for resolution or evaluate other possible alternatives for disposing of his claims, Pfizer is prejudiced by Plaintiff's failure to comply with the Court's discovery orders, and the third Malone factor weighs in favor of dismissal with prejudice. As the Ninth Circuit observed, Plaintiff's unreasonable delay harms "defendants who do not know against whom or what they are defending and so can neither conduct case-specific discovery, seek an early exit by summary adjudication, nor assess the potential value of the Plaintiff's claims for settlement . . . ." *In re PPA*, 460 F.3d at 1252.

**D. Plaintiff's Failure Overrides the Public Policy Favoring Disposition of Cases on the Merits.**

While public policy favors disposition of cases on the merits, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. Indeed, it is impossible to dispose of a case on the merits where a plaintiff refuses to provide information that only they possess regarding the critical elements of their claims. *Id*. at 1234. In a multidistrict proceeding, "where the plaintiffs themselves prevent their cases from moving forward, the public policy favoring resolution on the merits cannot weigh much, if at all, in their favor." *Id*.

It is the plaintiff's obligation to move his case forward by providing the required information and complying with this Court's orders. To date, Plaintiff has failed to fulfill those unambiguous obligations, thereby obstructing resolution of his claims on the merits. Such delay does not merely prejudice Pfizer; it also "harms plaintiffs with meritorious claims whose progress toward resolution is bogged down by others who will neither put up nor shut up. . . ." *In re PPA*,

/////

460 F.3d at 1252.

**E. Plaintiff's Failure Warrants Dismissal Rather than Less Drastic Sanctions.**

The final *Malone* factor is whether sanctions less drastic than dismissal with prejudice are available. Here, however, such less drastic alternatives have been exhausted unsuccessfully. As outlined above, Plaintiff has received at least four notices that his failure to provide the material required by PTO 31 may result in dismissal. Notwithstanding the efforts of the Court and Pfizer, Plaintiff still has failed to comply with his obligations. Where the court and liaison counsel have warned a plaintiff that failure to obey a court order will result in dismissal, the court has satisfied the "consideration of alternatives" requirement. *In re PPA*, 460 F.3d at 1229, 1237. Where a plaintiff continually ignores such warnings, as has occurred in this litigation, there are no less drastic sanctions available, and dismissal with prejudice is the only remaining alternative. *Id*. at 1234, 1237 (noting that individual warnings by the Court are not necessary where plaintiffs have been warned generally and where defendants have sent individual warnings); *id*. at 1240 ("The logistical complexity involved in multidistrict litigation makes it impossible to issue personalized warnings to each one of thousands of parties and give second [or, in some cases, third, fourth, or fifth] chances based on each party's unique circumstances.").

**F. Plaintiffs Compliance After This Motion is Filed Should Incur Sanctions.**

Finally, if Plaintiff complies with Judge Smith's Compliance Order after this Motion has been filed, Pfizer requests reimbursement of its reasonable attorneys' fees and costs incurred in bringing this Motion. (PTO 31, ¶ 2.c.iv [providing that a defendant may seek "other appropriate sanctions" in bringing a motion to dismiss]; Compliance Order of January 31, 2013 ["Failure to comply with this Order may result in any of the sanctions referred to in PTO 31 . . ."].) As noted above, plaintiff has been delinquent and has had over four months to provide the necessary documents. To wait until after Pfizer files a motion to dismiss not only prejudices Defendant, but wastes the Court's time and resources. Such actions should not be tolerated by this Court.

/////

Reimbursement of Pfizer's fees and costs is an appropriate sanction to prevent such conduct in the future.

Federal Rules of Civil Procedure 37(a) and (b) provide a district court with broad discretion to impose sanctions for failure to comply with the court's order. *E.g., Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.39 337, 348 (9th Cir. 1995). Here, in an effort to ensure compliance with its orders, the Court established a procedure for dismissal of plaintiffs' claims for failure to comply with their obligations. See PTO 31 ¶ 2.

**IV. CONCLUSION.**

The Court should not tolerate the ongoing and repeated violations of PTO 31 and Judge Smith's Compliance Order. Having exhausted other less drastic means to ensure compliance with its orders, the Court should enforce its case management order and dismiss Plaintiff's claims with prejudice. Such a ruling will encourage compliance with any other MDL case management orders similar to with PTO 31, promote the public interest in expeditious resolution of the litigation, advance the Court's interest in management of its docket, and prevent unfair prejudice to Defendant Pfizer. As such, the Court should grant Defendant Pfizer's Motion.

Dated: February 14, 2013

Respectfully submitted,

DLA PIPER LLP (US)

By /s/

LOREN H. BROWN
Defendant's Liaison Counsel

John C. Dougherty
DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, MD 21209
Telephone: (410) 580-3000
Facsimile: (410) 580-3001

Matthew A. Holian
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6009
Facsimile: (617) 406-6109

*Counsel for Defendant Pfizer Inc*