1
2
3
4
5
6
7

8     UNITED STATES DISTRICT COURT
9     NORTHERN DISTRICT OF CALIFORNIA
10    SAN FRANCISCO DIVISION

11

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICE, AND PRODUCT LIABILITY LITIGATION | CASE NO. MDL No. 1699 |
| This Document Relates to: | **[PROPOSED] ORDER GRANTING DEFENDANT PFIZER INC'S MOTION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE** |
| Harril Glen Scott, 12-2033. | **PTO 31 COMPLIANCE MOTION NO. 10** |
| | Date:  March 29, 2013<br>Time:  10:00 a.m.<br>Judge: Hon. Charles R. Breyer, U.S.D.J |

THIS MATTER having come before the Court on Defendant Pfizer Inc's Expedited Motion to Dismiss Plaintiff's Claims with Prejudice; the parties having received due notice and having had the opportunity to be heard; and this Court having considered all submissions made in support of and in opposition to the motion, this Court finds as follows:

Plaintiff Harril Glenn Scott has failed to comply with Pretrial Order No. 31 ("PTO 31") by failing to provide Defendant with a complete set of documents responsive to the requests contained in the Docket Data Sheet ("DDS") and a Case-Specific Expert Report that complies with PTO 31 (collectively, "the material required by PTO 31").  Plaintiff also has failed to

1  comply with the order issued by the Special Master, Judge Fern M. Smith (Ret.) on January 31,
2  2013, requiring Plaintiff to provide the material required by PTO 31 by February 12, 2013 or face
3  dismissal with prejudice ("the Compliance Order").  Plaintiff's failure is particularly egregious
4  given the numerous efforts the Court and Defendant have made to provide notice of Plaintiff's
5  discovery obligations.  (*See* Pfizer Defs.' Mem. of P. & A. in Supp. of Mot., at 3-5; Declaration
6  of Michelle W. Sadowsky in Supp. of Pfizer Defs.' Mot. to Dismiss, ¶¶ 4-19.)

7  Based on these failures, the Court also finds as follows:

8  (1) The public's interest in expeditious resolution of this litigation is compromised by
9  Plaintiff's failure to comply with PTO 31 and the Special Master's Compliance Order.  This
10 Court and the public have an overriding interest in securing the just, speedy, and inexpensive
11 determination of every action.  Plaintiff's delay is unreasonable and has impeded the resolution of
12 these matters.

13 (2) The Court's need to manage its docket is compromised by Plaintiff's failure to
14 comply with PTO 31 and the Special Master's Compliance Order.  Dismissal of Plaintiff will
15 serve to appropriately penalize him for his non-compliance and also will encourage other
16 plaintiffs to comply with this Court's case management orders.

17 (3) Defendant Pfizer is prejudiced by Plaintiff's failure to comply with PTO 31 and
18 the Special Master's Compliance Order.  Without the material required by PTO 31, Defendant
19 Pfizer cannot meaningfully evaluate Plaintiff's case for resolution or evaluate other alternatives
20 for disposing of Plaintiff's case.

21 (4) The public policy favoring disposition on the merits is overridden by Plaintiff's
22 failure to comply with PTO 31 and the Special Master's Compliance Order.  The Court finds that
23 Plaintiff's failure to provide the required material obstructs resolution of his claims on the merits.
24 A case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and
25 discovery obligations cannot move forward toward resolution on the merits.  Accordingly, this
26 dismissal factor does not weigh in favor of Plaintiff at all.

27 (5) There are no less drastic sanctions available to force Plaintiff to comply with this
28 Court's orders.  The Court finds that PTO 31 and the Special Master's Compliance Order both

provide specific warnings stating that Plaintiff's claims may be dismissed with prejudice for failure to comply with their obligations. The Court also finds that Plaintiff received warning letters from Defendant that did not prompt compliance.

Accordingly, after weighing the dismissal factors discussed in *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), and *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006), and in light of this Court's role in overseeing this multidistrict litigation, the Court hereby finds that dismissal of Plaintiff's claims with prejudice is warranted.

THEREFORE, IT IS HEREBY ORDERED THAT Defendant Pfizer's Expedited Motion is GRANTED and the claims of Plaintiff Harril Glen Scott's are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: _____, 2013

_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE